35 C.C.P.A.(Patents)

## Application of BURKE.
### Patent Appeal No. 5442.

Court of Customs and Patent Appeals.
April 6, 1948.

James M. Naylor and Theodore H. Lassagne, both of San Francisco, Cal., and N. Douglas Parker, Jr., of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting all of the claims of an application for a patent alleging new and useful improvements in the "Method and Apparatus for Testing Shoes."

The claims read as follows:

"5. A shoe testing apparatus comprising, a plurality of surfaces disposed on different planes to provide abbreviated walk surfaces, the several walk surfaces each being characterized by the fact that when walked upon they will induce characteristically different flexures of various parts of the shoe in varying degrees.

"6. A shoe testing apparatus, comprising, a plurality of surfaces disposed on different planes to provide abbreviated walk surfaces, the several walk surfaces each being characterized by the fact that when walked upon they will induce characteristically different flexures of various parts of the shoe in varying degrees, each of said surfaces being covered with material providing traction incident to normal walking but sufficiently non-abrasive to avoid any substantial marring of factory finished shoes.

"7. A shoe testing apparatus comprising, a portable unitary structure including stairs, a ramp and a level surface each in abbreviated form, each of the elements of the structure being covered with material providing traction incident to normal walking but sufficiently non-abrasive to avoid any substantial marring of factory finished shoes."

The tribunals of the Patent Office rejected the claims on the following prior art:

Wiltse, 821,391, May 22, 1906.
Cook, 1,994,981, March 19, 1935.
Hill, 2,141,651, December 27, 1938.
Montgomery Ward & Co., Catalogue 135 (1941), page 692, item 72a, 1908.
Display World, January 1941, page 42.
Display World, June 1940, page 7.

The examiner also based his decision upon judicial notice of carpeted stairs, floors, and ramps in stores and homes and the walking on carpet floors to try out shoes.

The examiner further held the claims to be aggregative, which holding was reversed by the Board of Appeals.

As may be observed from the quoted claims, the involved article is portable, covered with carpet and so constructed as to comprise a flat elevated platform, reached on one side by a few steps and on the other by a ramp. It is designed for use in trying out new shoes by walking upon the various parts of the structure, thereby giving the same flexing to the shoes as they would receive in ordinary wear. The carpet is for the purpose of preventing scratches or oth-

er marks on the soles of the shoes while they were being tried out.

The Wiltse patent relates to an exercising apparatus for children. It comprises two flights of stairs, each having a broad landing at the top on the same plane and butted together. The two parts are hinged together so that when the apparatus is not in use it may be closed up.

The Cook patent relates to an apparatus designed for demonstrating the cushioning effect of underlays or lining for carpets and rugs. It discloses a short platform upon which is placed a lining under a part of a section of carpet or rug. When a person stands with one foot upon the lined part of the rug and the other foot on the unlined part thereof, the effect of the lining under the rug is readily noticeable.

The Hill Patent is for a shoe testing device and discloses a flat surface with a slot in the middle. In the slot, freely moving therein, is a ball about a half of which extends above the flat surface. When testing new shoes, the shoe is put on the foot and moved backwardly and forwardly upon the ball so that the impression thereof may be felt by the purchaser of the shoe and compared with the effect produced by another shoe tested in the same manner.

The Display World references disclose shoes placed on ramps for advertising purposes. The Montgomery Ward catalogue discloses a short flight of stairs, the treads of which are covered with material to prevent slipping and probably wear on the treads.

While appellant has shown an ingenious device for the testing of new shoes, we are of opinion that his structure does not involve exercise of the inventive faculty. It is commonly known that shoes are used as a protection for feet, and that shod feet are used in moving from place to place, going uphill, downhill, and over rough and flat surfaces. It is further commonly known that in the purchase of new shoes, they are ordinarily tested on a strip of carpet or a carpeted floor in a shoe store. The buyer walks to and fro and flexes his prospective purchase in every manner that seems desirable to him. We do not see where the flexing of a new shoe in going up a flight of steps is any different than a flexing of the shoe when one is in a standing position and presses the toe of his shoe with some force against the carpeted floor. Flexing likewise is obtained in somewhat the same degree in climbing an inclined plane. But, of course, it is clear that, in walking, shoes are flexed on the floor or the street or other flat surface.

The prior art discloses a shoe testing device, a cushioning effect, a device shown with steps on either side, a platform, and a ramp.

It is clear in our opinion, not only in view of the prior art but because of common knowledge, that no invention is involved in the rejected claims.

Therefore, the decision of the Board of Appeals is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Associate Judge, was not present at the argument of this case and did not participate in the decision